UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANSON WILLIAM HAMM,

                Plaintiff,

  v.

WASHINGTON DEPARTMENT OF CORRECTIONS ISRB ,

                Defendant.

CASE NO. 3:20-cv-05951-JLR-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, a Washington State Department of Corrections prisoner, submitted a 42 U.S.C. § 1983 complaint alleging defendant "violated his "constitutional right to due process to include unlawful imprisonment. Dkt. 1 at 3, 4. The Court recommends the complaint be dismissed because plaintiff has failed to timely submit a sufficient application to proceed *in forma pauperis*, and because the complaint fails as a matter of law. As no amendment can cure the complaint's deficiencies, the Court should dismiss the case rather than grant leave to amend.

**BACKGROUND**

On September 24, 2020, plaintiff submitted for filing a § 1983 complaint alleging defendant "ISRB WA STATE DEPARTMENT OF CORRECTIONS" violated his

REPORT AND RECOMMENDATION - 1

1   "constitutional right to due process to include unlawful imprisonment. Dkt. 1 at 3, 4. In specific,

2   plaintiff alleges:

> My releas date was July 14, 2021 Dept of Corrections unlawfully violated a Superior Court Judges Court order by once Again Illeagaly changing my release date to July 31 2021 due process that the United States Constitution guarantees I am sentialed to WA State Dept of Corrections are clearly with the intent violating courts order consistently pushing my release date further rout. Damage and claims also constitute the crime of unlawful imprisonment WA DOC does not have the power or authority to influence or manipulate Court orders or unlawfully imprison people DOC has given me no explanation for these unlawful actions I do here belive I am entitald to reliefe.

*Id.* at 4-5. As relief he requests the Court order defendant to immediately release him from prison and impose punitive damages. *Id.* 6. Because plaintiff declined to sign the written consent for payment portion of his initial application to proceed *in forma pauris* (Dkt. 1 at 2), the clerk of court advised him his application was deficient and that he must submit a properly signed application by October 26, 2020 or the case may be dismissed. Dkt. 2.

On October 2, 2020, plaintiff submitted another application and again failed to sign the written consent for payment portion of his application. Dkt. 3. On October 5, 2020, the clerk advised plaintiff he must submit a properly signed application by November 4, 2020 or the case may be dismissed. Dkt. 4. As of this date, plaintiff has not responded to the clerk's October 5, 2020, request.

## DISCUSSION

In this § 1983 action, plaintiff alleges the Indeterminate Sentence Review Board (ISRB) Washington State Department of Corrections violated his constitutional rights. Dkt. 1 at 3. He seeks money damages and immediate release from his prison sentence. Section 1983 creates a cause of action for a plaintiff whose constitutional rights have been violated by any "person"

REPORT AND RECOMMENDATION - 2

1  acting under color of law. 42 U.S.C. § 1983. However, for the purposes of § 1983 action, a state
2  is not a "person." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v.*
3  *Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, an agency that is an arm of the
4  state is also not a "person" under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see*
5  *also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding that the suit against
6  the state Board of Corrections was barred by the Eleventh Amendment). The ISRB is an arm of
7  Washington State, is not a "person" and thus is not subject to suit under 42 U.S.C. § 1983. The
8  Court should accordingly dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B).

9        The Court should also dismiss the complaint because the Eleventh Amendment creates a
10 jurisdictional bar to private damages actions against states in federal court. *See Quern v. Jordan*,
11 440 U.S. 332, 338-40 (1979). Plaintiff seeks monetary damages in his suit against the ISRB.
12 However, state parole boards are entitled to absolute immunity from suits by prisoners for
13 actions taken when processing and deciding parole applications. *Planned Parenthood Arizona,*
14 *Inc. v. Brnovich,* 172 F. Supp. 3d 1075, 1086 (D. Ariz. 2016) ("Eleventh Amendment immunity
15 extends to state departments, agencies, boards, and commissions, and to state employees acting
16 in their official capacity because a suit against them is regarded as a suit against the State itself.")
17 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Brown v. Cal.*
18 *Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009) ("[P]arole board members are entitled to
19 absolute immunity for parole board decisions."). In Washington the ISRB functions as a parole
20 board. *See e.g. In re Personal Restraint of Dyer*, 164 Wn.2d 274, 280 (2008) ("this Court
21 directed the Indeterminate Sentence Review Board (ISRB) to redetermine the parolability of
22 Richard J. Dyer."). Accordingly, plaintiff's claim against the ISRB should be dismissed.
23

REPORT AND RECOMMENDATION - 3

The Court notes plaintiff asks the Court to order defendants to immediately release him from his prison sentence. However, petitioner's § 1983 request for immediate release from his prison sentence is barred under *Heck, v. Humphrey*, 512 U.S. 477, 486 (1994) (explaining that civil tort actions are not appropriate vehicles for challenging the validity of a criminal conviction or sentence). The *Heck* decision precludes a prisoner's § 1983 claim that, if successful, would invalidate a conviction or sentence "where that conviction [or sentence] has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." *Id.* at 486-87.

A prisoner challenging the duration of his conviction must bring that challenge via a habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 488–89, (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983); see also *Butterfield v. Bail*, 120 F.3d 1023, 1024–25 (9th Cir. 1997) (stating that prisoner's challenge to the procedures used in the denial of parole must be brought as a petition for writ of habeas corpus and not as a civil rights action under § 1983. Accordingly, plaintiff's § 1983 request for immediate release should be denied.

For the foregoing reasons the Court recommends the complaint be dismissed with prejudice because it names defendants who are not state actors for purposes of § 1983 action or who are immune. The request for immediate release is not relief that is available under § 1983 due to the *Heck* bar. If the recommendation to dismiss with prejudice is not adopted, the Court should dismiss the case without prejudice for failure to pay the filing fee or to submit a sufficient application to proceed *in forma pauperis*.

/

/

REPORT AND RECOMMENDATION - 4

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections may be filed no later than **November 24, 2020.** The Clerk should note the matter for **November 27, 2020**, as ready for the District Judge's consideration. Objections shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 10th day of November, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge